Pamela SWORD–FRAKES,
Plaintiff–Appellant,

v.

CITY OF NORTH LAS VEGAS; North
Las Vegas Police Department,
Defendants–Appellees.

No. 06–16918.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 15, 2008.*

Filed Feb. 20, 2008.

Kenneth J. McKenna, Esq., Kenneth James McKenna, Inc., Reno, NV, for Plaintiff–Appellant.

Malani L. Kotchka, Esq., Smith & Kotchka, Carie A. Torrence, Chris Davis, Esq., North Las Vegas City Attorneys Office, North Las Vegas, NV, for Defendants–Appellees.

Before: SILVERMAN, McKEOWN, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Pamela Sword–Frakes, a former police officer in the City of North Las Vegas ("the City") appeals two orders by the district court: (1) summary judgment in favor of the City on Sword–Frakes' claim of hostile work environment and (2) dismissal of Sword–Frakes' claim of retaliatory discharge. We affirm the grant of

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

summary judgment on the hostile work environment claim and dismiss the appeal concerning the retaliatory discharge claim because Sword–Frakes withdrew that claim in the district court.

▮ We first note that Sword–Frakes' claims are facially weak because she fails to support her allegations with documented evidence from the record. Most of her allegations are supported by citations to her own complaint, while others excerpt her own deposition, some pages of which were not filed in the district court. She provides little substance for this court to review. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ("[A] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial.") (internal quotation marks omitted); *see also Carmen v. San Francisco Unified Sch. Dist.,* 237 F.3d 1026, 1031 (9th Cir. 2001) ("The district court need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposing papers with adequate references so that it could be conveniently found.").

Looking past the difficulties in her pleadings, Sword–Frakes cannot prevail on the merits, either. To establish a prima facie hostile work environment claim, a plaintiff must demonstrate that she was subjected to "unwelcome" verbal or physical conduct of a "harassing nature" because of a protected characteristic, like gender, race, or religion, and that the conduct was "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." 42 U.S.C. § 2000e–2(a)(1); *Kortan v. Cal. Youth Auth.,* 217 F.3d 1104, 1110 (9th Cir.2000) (quoting *Pavon v. Swift Trans. Co., Inc.,* 192 F.3d 902, 908 (9th Cir.1999)). "To be actionable under Title VII, 'a sexually objectionable environment must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so.'" *Montero v. AGCO Corp.,* 192 F.3d 856, 860 (9th Cir.1999) (quoting *Faragher v. City of Boca Raton,* 524 U.S. 775, 787, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998)).

▮ Sword–Frakes argues in her brief that a male superior subjected her and another female officer—but not other officers—to a demeaning uniform inspection. However, this argument is not supported by any citation to the record. The other treatment cited cannot be objectively characterized as gender-related, as required by Title VII, nor does it rise to the level of severity that triggers liability. *See Manatt v. Bank of America,* 339 F.3d 792, 799 (9th Cir.2003) (collecting cases). The incidents alleged were neither "severe" nor "pervasive" enough to establish that the department was an "abusive" work environment that "altered the conditions" of Sword–Frakes' employment.

We have no jurisdiction to review Sword–Frakes' retaliatory discharge claim because she voluntarily withdrew this claim in February 2005 in her response to the City's partial motion to dismiss. *See Wickland Oil Terminals v. Asarco, Inc.,* 792 F.2d 887, 893 (9th Cir.1986).

**AFFIRMED IN PART and DISMISSED IN PART.**